UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| F. G. CROSTHWAITE and RUSSELL E. BURNS, in their respective capacities as Trustees, *et al*.,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>SUSAN GAIL BRENNAN, individually and *dba* RAMCO CONCRETE CUTTING,<br><br>　　　　　Defendant.<br>_____/ | No. C 10-03940 CW (LB)<br><br>**REPORT AND RECOMMENDATION RECOMMENDING GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**<br><br>[ECF No. 16] |

## I. INTRODUCTION

The court recommends granting default judgment in favor of Plaintiffs – the collective bargaining representative and trustees of employee benefits plans for employees working as operating engineers – who sued Defendant Susan Gail Brennan, individually and *dba* Ramco Concrete Cutting, for failing to make timely payments and make monthly reports in violation of the parties' bargaining agreement and the Employee Retirement Income Security Act (ERISA). *See* Complaint, ECF No. 1 at 2.[1]  Following a hearing on January 24, 2011, this court finds that (A) Plaintiffs established personal and subject matter jurisdiction, and (B) the factors in *Eitel v. McCool* favor entry of default judgment. The court recommends (A) entry of default judgment of $84.92 in

---

[1] Court filings are identified by their docket number and page on the Electronic Case Filing ("ECF") docket sheet.

C 10-03940 CW (LB)

1 delinquent contributions, $16.98 (or 20% of the delinquent contribution) in liquidated damages,
2 $3.50 in interest (the amount asked by Plaintiffs), $518 in costs, and $3,095 in attorney's fees, and
3 (B) an order requiring Brennan to provide reports from February 1, 2009 to the present and schedule
4 an audit with Plaintiffs' representatives so that Plaintiffs may calculate unpaid contributions and
5 liquidated damages for this period.

## II. FACTS

### A. <u>Notice to Brennan</u>

Plaintiffs filed the complaint on September 2, 2010. ECF No. 1. They served Brennan on September 13, 2010. ECF No. 9. After Brennan did not file a responsive pleading or otherwise appear in the case, Plaintiffs requested entry of default on October 21, 2010, and served Brennan with the request on October 25, 2010. ECF Nos. 11, 13. The Clerk of the Court entered default on October 22, 2010. ECF Nos. 12. The Plaintiffs then filed a motion for default judgment on November 24, 2010, and served Brennan that Sunday. ECF No. 16. The matter was referred to this court. ECF No. 22. On November 29, 2010, the Plaintiffs served Brennan with the referral order. ECF No. 24. On or about December 7, 2010, Michael Brennan—the ex-husband of the Defendant and an employee of her business—called Plaintiffs' counsel, spoke with a paralegal, confirmed receipt of the default judgment motion, and asked what actions Brennan needed to take to resolve this matter.[2] Declaration of Elsie Thurman, ECF No. 33 at 1-2, ¶ 2. The paralegal advised Brennan to contact Plaintiffs' auditor to schedule the audit of Ramco's payroll records and to submit Ramco's reports for hours worked during the months of October 2009 and December 2009 through June 2010, so that they could determine the amount owed. *Id.* On or about December 9, 2010, the

---

[2] The Plaintiffs' other interactions with Brennan were as follows. On or about June 8, 2010, Hayner directed the trust fund's auditor to send by certified mail a request to Brennan to submit to a review of records from February 1, 2009 through the date of inspection. Hayner Declaration, ECF No. 20 at 3, ¶ 7, and Ex. E, ECF No. 20-1 at 18. Having received no response, on or about June 30, 2010, Hayner referred the matter to the trusts' counsel. Hayner Declaration, ECF No. 20 at 4, ¶ 8. About the same time, the letter was returned. *Id.* at ¶9. The letter was resent via regular mail but was returned for insufficient postage. Id. The letter was sent again prior to July 27, 2010, by regular mail and has not been returned. *Id.* In any event, the interactions took place before the lawsuit was filed.

C 10-03940 CW (LB)
2

1  Collections Office for the Plaintiffs confirmed to Plaintiffs' counsel that Brennan had not scheduled
2  an audit and had not yet submitted the requested reports.  Supp. Kaplan Declaration, ECF No. 27 at
3  2, ¶ 5; McNally Declaration, ECF No. 23 at 2, ¶ 5 (confirming that no audit had been scheduled as
4  of November 29, 2010).  Plaintiffs' counsel then sent a letter to the Defendant on December 20,
5  2010, again requesting that the Defendant schedule the audit and submit her delinquent reports and
6  advising her that "attorney fees would continue to increase, without her cooperation."  Supp. Kaplan
7  Declaration, ECF No. 27 at 2, ¶ 5.  Since then, there has been no communication from Brennan.  *Id.*

**B. <u>Parties and Terms of Collective Bargaining Agreement and Trusts</u>**

9  Plaintiffs are the union (the collective bargaining representative) and the trustees.  The union is a
10 labor organization representing employees in an industry affecting commerce within the meaning of
11 Section 301 of the Labor Relations Management Act (LMRA) and maintains its principal place of
12 business in the district.  Complaint, ECF No. 1 at 2-3, ¶¶ 5, 9; 29 U.S.C. § 185.  The trustees are
13 trustees and fiduciaries of multiemployer employee benefit plans within the meaning of ERISA who
14 administer the plans in the district.  Complaint, ECF No. 1 at 2-3, ¶¶ 1, 8; 29 U.S.C. §§ 1002,
15 1132(d).  Brennan, *dba* Ramco Concrete Cutting, does business in California and is an employer
16 engaged in an industry or activity affecting commerce within the meaning of ERISA and Section
17 301 of the LMRA.  ECF No. 1 at 2, ¶ 4; 29 U.S.C. §§ 1002(5), 1003; 29 U.S.C. §§ 152(2), 142(1) &
18 (3).  Service was made in Walnut Creek, California.  ECF No. 9.

19 Plaintiffs and Brennan are parties to a collective bargaining agreement that requires Brennan to
20 "submit monthly reports of hours worked by its employees, and to regularly pay to the Plaintiff
21 ERISA Funds, to the Union for union dues, and to the Bargained Plans, certain sums of money, the
22 amounts of which are determined by the hours worked by employees of Defendant" by the 15th day
23 of the calendar month following the month in which the hours were worked.  Complaint, ECF No.1
24 at 4, ¶ 13; Hayner Declaration, Ex. C, ECF No. 20-1 at 9-11.  If payments are late, then the
25 collective bargaining agreement provides for liquidated damages of the greater of $35 or 15 percent
26 of the contributions due.  Complaint, ECF No. 1 at 4, ¶ 13; Hayner Declaration, Ex. C, ECF No. 20-
27 1 at 11.            The collective bargaining agreement also provides for interest, costs of the lawsuit,
28 and reasonable attorney's fees incurred by the union and trustees in an action to recover

1  contributions or liquidated damages. Complaint, ECF No. 1 at 4, ¶ 13; Hayner Declaration, Ex. C,
2  ECF No. 20-1 at 11-12.  The agreement requires Brennan to submit to an audit if delinquent.
3  Hayner Declaration ECF No. 20 at 3, ¶ 5.  Also, the trust agreements provide for an audit of the
4  books and records of signatory employers.  *Id.* at 3, ¶ 6.

**C. Plaintiffs' Requested Judgment**

**1. Payment and liquidated damages for outstanding February 2009 contribution**

Brennan's February 2009 contribution of $84.92 was due on March 15, 2009 but Brennan has not paid it.  Hayner Declaration, ECF No. 20 at 4, ¶ 10.   In the motion, Plaintiffs seek liquidated damages of $280 and the accrued interest of $3.50 (based – according to Plaintiffs – on the collective bargaining agreement's per annum interest rate of 12%).  Motion for Default Judgment, ECF No. 16 at 3-4; Amended Proposed Judgment, ECF No. 28 at 2.

At the hearing on the default judgment motion, Plaintiffs' counsel confirmed that she was asking for interest not only on the delinquent contribution but also on the liquidated damages and noted that the collective bargaining agreement permitted interest on liquidated damages.  Plaintiffs also acknowledged that they had not submitted any calculation of the liquidated damages that would allow the court to understand how they arrived at $280.

**2. Payments and liquidated damages from February 2009 to present; injunction for records**

Brennan has not submitted the required monthly reports for October 2009 and December 2009 through September 2010.  Hayner Declaration, ECF No. 20 at 4, ¶ 10.  Plaintiffs request that the court order Brennan to provide reports and payment, if any, of required employee benefit contributions that currently are unreported and unpaid for October 2009 and December 2009 through September 2010.  Motion for Default Judgment, ECF No. 16 at 4.  Additionally, the Plaintiffs request that the court order Brennan to submit to an audit of her records for the period from February 1, 2009 through the date of inspection and to make payment of any resulting employee benefit contributions found due and unpaid by Brennan for that period, plus auditors' fees and costs and liquidated damages and interest on any unpaid contributions.  *Id.* at 2-4.

**3. Attorney's Fees and Costs of $7,103.50**

Plaintiffs also asked for attorney's fees of $6,585.50 and costs of $518 for a total of $7,103.50 through January 3, 2011. Hourly rates for attorney time are $195 and $205 and for paralegal time are $110 and $115. Proposed Judgment, ECF No. 20 at 2; Kaplan Declaration, ECF No. 17 at 3-4. at ¶¶ 5-8; Amended Proposed Judgment, ECF No. 28 at 2; Kaplan Supplemental Declaration, ECF No. 27 at 3, ¶¶ 9-10.

## III. ANALYSIS

**A. Subject Matter and Personal Jurisdiction**

Before entering default judgment, a court must determine whether it has subject matter jurisdiction over the action and personal jurisdiction over the defendant. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

**1. Subject Matter Jurisdiction**

Plaintiffs allege two claims: (a) the first under ERISA to collect unpaid contributions to employee benefits plans, *see* 29 U.S.C. §§ 1132(a), (e-g) and 1145; and (b) the second to enforce a collective bargaining agreement under 29 U.S.C. § 185. The court has subject matter jurisdiction over these federal claims. *See* 28 U.S.C. § 1331(a).

**2. Personal Jurisdiction**

Brennan, *dba* Ramco Concrete Cutting, was served in California and engaged in business activities in the Northern District of California that are the subject of this lawsuit. Summons, ECF No. 9; Hayner Declaration, ECF No. 20 at 2, ¶¶ 2-3 and Exh. B, ECF No. 20-1 at 4 (expired contractor's license for Ramco Concrete Cutting that was valid through October 31, 2010). The court has personal jurisdiction. *See, e.g., S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986).

**B. Default Judgment**

Under Federal Rule of Civil Procedure 55(b)(2), a plaintiff may apply to the district court for – and the court may grant – a default judgment against a defendant who has failed to plead or otherwise defend an action. *See Draper*, 792 F.2d at 925. Default judgments generally are disfavored because "cases should be decided on their merits whenever reasonably possible." *Eitel v.*

1  *McCool,* 782 F.2d 1470, 1472 (9th Cir. 1986).  The court must consider the following factors when
2  deciding whether to use its discretion to grant a motion for default judgment: (1) the possibility of
3  prejudice to the plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the
4  complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute about the
5  material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy
6  underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Id.* at 1471-72.
7  The factors here favor entry of default judgment against Brennan.

**1. Merits and sufficiency of complaint (prongs two and three of *Eitel* test)**

After entry of default, well-pleaded allegations in the complaint regarding liability and entry of default are taken as true, except as to the amount of damages.  *See Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).  The court is not required to make detailed findings of fact.  *Id.* Default judgment cannot exceed in amount what is demanded in the pleadings.  Fed. R. Civ. P. 54(c).

*a. ERISA claim*

29 U.S.C. § 1145 states that "every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or a collectively bargained agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such a plan or such agreement."  Section 1145 creates a cause of action against employers who do not make timely contributions that are required under a collective bargaining agreement.  *See Trustees of the Screen Actors Guild-Producers Pension & Health Plans v. NYCA, Inc.*, 572 F.3d 771, 774-76 (9th Cir. 2009)*; Board of Trustees v. RBS Washington Blvd. LLC*, No. C 09-0660 WHA, 2010 WL 145097, at *2 (N.D. Cal. Jan. 8, 2010).  Plaintiffs here must prove the following: (1) the trusts are multiemployer plans as defined by 29 U.S.C. § 1002(37); (2) the collective bargaining agreement obligated Brennan to make contributions; and (3) Brennan did not make the required contributions.  29 U.S.C. § 1145; *Board of Trustees of the Sheet Metal Workers Health Care Plan of Northern California v. Gervasio Envtl. Sys.*, No. C 03-4858 WHA, 2004 WL 1465719, at *2 (N.D. Cal. May 21, 2004).

Plaintiffs' complaint contains sufficient facts establishing the elements of the claim: the trusts are multiemployer benefit plans within the meeting of ERISA; the collective bargaining agreement

required Brennan to make contributions to the plans; and Brennan did not make payments. Plaintiffs meet prongs two and three of the *Eitel* test. *See* ECF No. 1 (setting forth facts).

*b. 29 U.S.C. § 1985 claim*

29 U.S.C. § 185 permits Plaintiffs to sue for breaches of a collective bargaining agreement. Federal courts apply federal common law principles to determine the enforceability of contract provisions like liquidated damages provisions. *See Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mech. Contractors, Inc.*, 875 F.2d 212, 216 (9th Cir. 1989). Plaintiffs' complaint sufficiently alleges a contractual obligation to make contributions and a breach of that obligation.

**2. The Remaining *Eitel* Factors**

The remaining *Eitel* factors weigh in favor of granting default judgment.

*a. Possibility of prejudice to plaintiff.* If the motion is not granted, Plaintiffs have no recourse to enforce the terms of the agreement requiring Brennan to make plan contributions and pay liquidated damages.

*b. Possibility of dispute concerning a material fact.* Defendant never answered the complaint, and so there is no information that there might be a disputed issue of material fact. The issues are straightforward: did Brennan fail to make timely contributions required by the agreement, and what are the liquidated damages. Given that the issues are easily ascertainable, the possibility for substantial fact disputes seems unlikely.

*c. Excusable Neglect.* There is no suggestion of excusable neglect.

*d. Small sum of money at stake in the action.* When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged. *See Eitel*, 782 F.2d at 1472 (three-million dollar judgment, considered in light of parties' dispute as to material facts, supported decision not to enter summary judgment); *Tragni v. Southern Elec. Inc.*, No. C 09-32 JF, 2009 WL 3052635, at *5 (N.D. Cal. Sept. 22, 2009); *Board of Trustees*, 2010 WL 145097 at *3 (*citing Eitel*, 782 F.2d at 1472). Plaintiffs seek only $84.92 in delinquent contributions, reasonable (and modest) costs of the litigation, statutorily-required attorney's fees, liquidated damages (which the court recommends awarding only under ERISA), and interest. The amounts in the recommended judgment – set forth below – are small and reasonable and are required both by the collective bargaining agreement and

29 U.S.C. § 1132. This factor does not disfavor default judgment.

*e. Strong policy in Federal Rules favoring decisions on merits.* Despite the policy of favoring decisions on the merits, default judgment is appropriate when a defendant refuses to litigate a case. Fed. R. Civ. P. 55(b); *see Board of Trustees v. RBS Washington Blvd, LLC*, 2010 WL 145097, *4.

## C. Relief Sought

Under the collective bargaining agreement and the ERISA statute, when contributions are unpaid, Plaintiffs may recover the following: (1) unpaid contributions; (2) interest on the unpaid contributions;[3] (3) liquidated damages; (4) reasonable attorney's fees and costs; and (5) such other legal or equitable relief the court deems appropriate. *See* Complaint, ECF No. 1 at 6-7, ¶3; 29 U.S.C. § 1132(g)(2).

For the ERISA claim for damages under 29 U.S.C. § 1132(g)(2), Plaintiffs must prove their entitlement to relief through written declarations and fulfill the following three requirements: (1) the defendant must be delinquent in its contributions at the time the action is filed; (2) the district court must enter judgment against the defendant; and (3) the plan must provide for the damages sought. *Northwest Administrators, Inc.*, 104 F.3d at 257; *Idaho Plumbers & Pipefitters*, 875 F.2d at 215. If these requirements are met, an award of contributions, liquidated damages, and reasonable attorney's fees and costs is mandatory. *Northwest Administrators*, 104 F.3d at 257; *Board of Trustees*, 2010 WL 145097 at *3.

For the breach of contract claim for damages, the district court applies federal contract law to determine whether the liquidated damages are reasonable. *See Idaho Plumbers,* 875 F.2d at 216. Liquidated damages provisions must meet two conditions to be enforced: (1) the harm caused by the breach of contract must be difficult or impossible to estimate; and (2) the amount of liquidated damages must be a reasonable forecast of compensation for the harm caused. *Id.* at 217; *United Order of American Bricklayers & Stone Masons Union No. 21 v. Thorleif Larsen & Son, Inc.*, 519 F.2d 332, 332 (9th Cir. 1975) (upholding liquidated damages provision in collective bargaining agreement of 10 percent of unpaid contributions).

---

[3] As discussed below, Plaintiffs also seek interest under the collective bargaining agreement on the liquidated damages.

The allegations are as follows: (1) Brennan failed to pay the February 2009 contribution, which was due on March 15, 2009; and (2) the agreements provide for liquidated damages of the greater of 15 percent of the delinquent contribution amount or $35 and interest of 12% per annum on the unpaid contribution and the liquidated damages.  ECF No. 1 at 4-15, ¶ 16; Hayner Declaration, Ex. C, ECF No. 20-1 at 11-12.

Liquidated damages of up to 20 percent are permitted under 29 U.S.C. § 1132(g)(2).  Liquidated damages and reasonable fees and costs are mandatory under ERISA for contributions that were unpaid at the time the action was filed.  *See Northwest Administrators*, 104 F.3d at 257.  Liquidated damages for late payments and reasonable fees and costs also are allowed and appropriate under the terms of the collective bargaining and trust agreements.  *See Idaho Plumbers,* 875 F.2d at 214-18.

**1.  Delinquent contribution of $84.92, liquidated damages of $16.98, and $3.50 interest**

Plaintiffs seek $84.92 as the amount of the missing February contribution.  Plaintiffs are entitled to this amount as the trusts are multiemployer plans, the collective bargaining agreement obligated Brennan to make contributions, and Brennan did not make the required contributions.  29 U.S.C. § 1145; *Northwest Administrators*, 104 F.3d at 257.

Plaintiffs also seek liquidated damages of $280 on the $84.92 February 2009 contribution, which was due on March 15, 2009, and interest on both the delinquent contribution and the liquidated damages.  Plaintiffs are entitled to damages and interest on the unpaid contribution as the contribution was delinquent at the time the action was filed, an entry of default was entered against Brennan, and the agreement provides for the damages sought.  *See Idaho Plumbers,* 875 F.2d at 215.  But, at oral argument, Plaintiffs conceded that they had not provided any factual support for their liquidated damages calculation.  The court also questioned whether the collective bargaining agreement's imposition of liquidated damages in excess of ERISA's 20% was permissible and whether ERISA would allow for an award of interest on liquidated damages given that section 1132(g)(2)(B) permits an award of interest only on unpaid contributions.  *See Bay Area Painters v. Alta Specialty*, No C 06-06996 MJJ (JCS), 2008 WL 114931, * 5 (N.D. Cal. Jan. 10, 2008) (concluding that ERISA did not allow interest on liquidated damages and declining to impose interest on the liquidated damages under the terms of the collective bargaining agreement).

Given the lack of factual support for the liquidated damages assessment in the record, Plaintiffs agreed that the court should award only ERISA's statutory liquidated damages of 20%, which here is $16.98. Plaintiffs also agreed that the court should award interest only on the unpaid contribution and not interest on the liquidated damages. A post-hearing examination of the record does not reveal how Plaintiffs calculated interest of $3.50, but that amount does not exceed the 12% per annum provided by the collective bargaining agreement. The court recommends awarding only what Plaintiffs asked for, which is $3.50 in interest.

**2. Order for Contribution and Payroll Records**

In the complaint, Plaintiffs allege that Brennan did not make required monthly reports for April 2009 through July 2010, except that Defendant reported having no employees during the month of November 2009. Complaint, ECF No. 1 at 4-5, ¶ 16. They ask for an injunction compelling Brennan to produce its monthly reports and payments for October 2009 and from December 2009 through November 2010 so that they may calculate the contributions and liquidated damages. Amended Proposed Judgment, ECF No. 28 at 2.

The terms of the collective bargaining agreement determine Brennan's responsibilities. *See Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp.*, 920 F.2d 1491, 1494 (9th Cir. 1990) (citing *Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc.*, 472 U.S. 559, 568 (1985)). When an agreement requires employers to submit monthly reports, courts may compel parties to comply with their duties under this provision. *Id.* (holding that courts could compel an employer to submit to an audit pursuant to the terms of a trust agreement); *Board of Trustees,* 2010 WL 145097 at *5 (citing *id.*).

The collective bargaining agreement here requires Brennan to submit a contribution report form each month. Hayner Declaration ECF No. 20 at 2, ¶ 4. The agreement also gives trustees the authority to require Brennan to "to submit to it any information, data, report, or documents reasonably relevant to and suitable for the purposes of such administration" and to "permit a certified public accountant appointed by the Board to enter upon the premises of such employer during business hours, at all reasonable time or times, and to examine and copy such books, records, papers or reports." Hayner Declaration, ECF No. 20 at 3, ¶ 6, and Ex. D, ECF No. 20-1 at 16. The

collective bargaining agreement also requires employers to submit to an audit if they have been assessed liquidated damages and interest for a period of two late months during any twelve consecutive month period.[4] Hayner Declaration, ECF No. 20 at 3, ¶ 5, and Ex. C, ECF No. 20-1 at 12.

Brennan has failed to report for more than two months. Hayner Declaration ECF No. 20 at 3, ¶ 5. Thus, the court may compel access to the payroll records and to submit to an audit. *Santa Monica Culinary Welfare Fund*, 920 F.2d at 1494. The court recommends ordering Brennan to submit to an audit and to provide the requested records.

**3. Costs and Attorney's Fees**

Plaintiffs also asked for costs and attorney's fees as follows: (a) costs of $518 ($350 filing fee and $168 for service); and (b) fees of $6,585.50, which is broken into attorney time (.8 hour at $195 and 9.8 hours at $205) and paralegal time (1.4 hours at $110 and 37.1 hours at $115). Proposed Judgment, ECF No. 20 at 2; Kaplan Declaration, ECF No. 17 at 3-4. at ¶¶ 5-8; Amended Proposed Judgment, ECF No. 28 at 2; Kaplan Supplemental Declaration, ECF No. 27 at 3, ¶¶ 9-10.

The court finds the costs reasonable.

As to attorney's fees, an award of fees is mandatory because contributions are unpaid, and the plan provides for reasonable fees and costs. *See Northwest Administrators*, 104 F.3d at 257. Fees also are allowed and appropriate under the terms of the collective bargaining trust agreement.

To determine a reasonable fee award in cases like this, federal courts use the lodestar method.

---

[4] Specifically, § 12.13.03 of the collective bargaining agreement states:

> When a contributing Individual Employer has been assessed liquidated damages and interest for a period of two (2) late months during any twelve (12) consecutive month period, upon the occurrence of the second (2nd) assessment the Individual Employer will promptly be notified (with copies to the Local Union and the Employer) that if said Individual Employer becomes delinquent again and is assessed liquidated damages and interest during any of the succeeding twelve (12)-month period, he will be subject to the following rules: (a) The Individual Employer shall be audited in order to determine compliance with the provisions of this Section 12.00.00 and/or the Trust Fund documents.

Hayner Declaration, Ex. C, ECF No. 20-1 at 12.

1  *Grove v. Wells Fargo Financial Cal., Inc.*, 606 F.3d 577, 582 (9th Cir. 2010).  The court calculates a
2  "lodestar amount" by multiplying the number of hours counsel reasonably spent on the litigation by a
3  reasonable hourly rate.  *Id.*

4      a.  *Reasonable Hourly Rate*

5  A reasonable hourly rate is that prevailing in the community for similar work performed by
6  attorneys of comparable skill, experience, and reputation.  *Moreno v. City of Sacramento*, 534 F.3d
7  1106, 1111 (9th Cir. 2008); *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 979 (9th Cir. 2008).
8  The relevant community is "the forum in which the district court sits," which here is the Northern
9  District of California.  *Camacho*, 523 F.3d at 979.   The party requesting fees must produce
10 satisfactory evidence – in addition to the attorney's own affidavits or declarations – that the rates are
11 in line with community rates.  *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *Jordan v.*
12 *Multomah County*, 815 F.2d 1258, 1263 (9th Cir.1987).

13 According to her declaration, Kaplan is an attorney licensed in the State of California and a
14 shareholder of Saltzman and Johnson Law Corporation.  Declaration of Muriel B. Kaplan in Support
15 of Motion for Default Judgment, ECF No. 31 at 1, ¶ 1.  She has been practicing law for 30 years and
16 has specialized in ERISA law for 23 years.  Specifically, her practice has focused on collections
17 litigation for multi-employer Taft Hartley Trust Funds, representing boards of union and management
18 trustees.  *Id.* at 1-2, ¶ 1.  The Plaintiff trusts have been Kaplan's clients for approximately 2.5 years.
19 *Id.*  She is knowledgeable in the obligations of employers signatory to the Collective Bargaining
20 Agreement, which obligates contributions to and audits by the trusts.  *Id.*  She also is knowledgeable
21 as to the ERISA requirements in support of same.  *Id.*

22 Thurman has ten years of experience working as a paralegal, and Kaplan attests to her knowledge
23 and experience  in following civil procedures in accordance with the Federal Rules of Civil
24 Procedure and the local rules of this court.  *Id.* at 2, ¶ 2.

25 The court's docket review establishes that the Northern District has approved the same (or
26 similar) hourly rates for counsel. S*ee, e.g., Northern California Glaziers, Architectural Metal and*
27 *Glass Workers*, C-09-01301, 2009 WL 3720728*,* at *3, ECF No. 30 & 31 (approving then-hourly rate
28 of $185 for Kaplan and $110 for paralegal); *Crosthwaite v. Shade Const. & Engineering, Inc.*,

No. C 06-07608 JSW, 2008 WL 2705002, at *2 (N.D.Cal. Jul. 10, 2008) (approving then-hourly rate of $185 for Kaplan and $105 for paralegal); *Bay Area Painters*, 2008 WL 114931, at *6 (approving then-hourly rate of $180 for Kaplan). Based on this information, the court finds that the hourly rates here are reasonable. *Cf. Craigslist, Inc. v. Mesiab*, No. C 08-05064 CW (MEJ), Slip Copy, 2010 WL 5300883, at *16-17 (N.D.Cal. Nov. 15, 2010) (using *Laffey* matrix to calculate appropriate paralegal rate in the Northern District of California of $145 per hour for 2009-10).

      *b.*      *Reasonable Hours Expended*

Reasonable hours expended on a case are hours that are not "'excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The party requesting fees must provide detailed time records documenting the tasks completed and the time spent. *See Hensley*, 461 U.S. at 434; *McCown*, 565 F.3d at 1102; *Welch v. Metropolitan Life Ins. Co.,* 480 F.3d 942, 945-46 (9th Cir. 2007).

Here, according to the declarations submitted by Kaplan, the total billable hours and attorney's fees requested are as follows:

| Type of Time | Billing Dates | Hours | Hourly Rate | Total |
| --- | --- | --- | --- | --- |
| Attorney | 7/8/10 - 7/31/10 | 0.8 | $195 | $ 156 |
| Attorney | 8/1/10 - 11/8/10 | 4.0 | $205 | $ 820 |
| Paralegal | 7/9/10 - 7/31/10 | 1.4 | $110 | $ 154 |
| Paralegal | 8/1/10 - 11/8/10 | 22.7 | $115 | $2,610.50 |
| Attorney | 11/9/10 - 1/3/10 | 5.8 | $205 | $1,189 |
| Paralegal | 11/9/10 - 1/3/10 | 14.4 | $115 | $1,656 |
| Total | | 49.1 | | $6,585.50 |

This results in attorney time and fees of 10.6 hours and $2,165 and paralegal time and fees of 38.5 hours and $4,420.50. The billings can be compared to the time line for the major events of the case: Plaintiffs filed the complaint on September 2, 2010, requested entry of default on October 21, 2010, and moved for default judgment on November 24, 2010. ECF Nos. 1, 11, 16.

The billing records themselves show a slightly different amount of time: (i) attorney time and fees

1   of 10.4 hours and $2,124; (ii) paralegal time and fees of 36.5 hours and $4,190; and (iii) total hours
2   and fees of 46.9 hours and $6,314.20. ECF No. 31, Exh. A & B. The difference apparently is
3   attributable to additional time (.2 hours of attorney time and 2 hours of paralegal time) in earlier
4   declarations that are not in the billing records themselves. *Compare* ECF Nos. 17 & 27 (earlier
5   declarations) *with* ECF No. 31, Exh. A & B (the billing records). The billing records do state that a
6   total of 49.6 hours were written down by 3 hours, leaving a total of 46.9 hours. ECF No. 31, Exh. B.

   The court uses the actual billing records, which were filed after the court asked for them to be
   filed to support the fee request, *see* ECF No. 29, to determine whether the hours spent are reasonable.
   *See Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986).

   In a similar ERISA default judgment case brought by the same counsel as in this case, the court
   found that only 13 hours (instead of the 25.3 hours requested) were reasonable. *See Bay Area Painters v. Alta Specialty*, No. C06-06996 MJJ (JSC), 2008 WL 114931, at *6 (N.D.Cal. Jan. 10, 2008) (district court adopted Magistrate Judge Spero's report and recommendation). Judge Spero described that case as straightforward because it involved "only two or three unpaid contributions," the record showed no unusual procedural aspects, the pleadings were largely boilerplate, the default judgment motion omitted many of the essential documents that should have been provided in support of the motion, and the plaintiffs offered only "vague descriptions of how the time was spent." *Id.* This case also is simple, and counsel conceded that the filings were largely boilerplate. While counsel observed that the administrative issues for each case are different (particularly with regard to the collections office and the defendant), it is hard to see how the amount of time is justified, particularly given that the basis for calculating liquidated damages and attorney's fees were not even part of the initial submissions.

   Similarly, in another similar case involving Ms. Kaplan's firm, the court found unreasonable the 40.6 hours of attorney time spent on a seven-page complaint, the default judgment motion and two declarations, one of which calculated the attorney's fees but did not detail how the 40.6 hours were allocated. *See F.G. Crossthwaithe v. John D. Baker Constr. Co.*, No. C 09-6064 RS, 2010 WL 2673048, * 3 (N.D. Cal. July 2, 2010). The court found 20 hours to be more reasonable. *Id.*

   Here, in this case that involves one known unpaid contribution of roughly $84, an unknown basis

1  for calculating the requested liquidated damages (resulting in the court's applying a straight ERISA
2  calculation), a fee request that was submitted without explanatory detail, and arguably some work
3  needed to document the back-and-forth with the collections office and the defendant, the court –
4  based on its review of the billing records –  recommends reducing the attorney hours to 5 and the
5  paralegal hours to 18 and awarding total attorney's fees of $3,095.

## V.  CONCLUSION

The court **RECOMMENDS** that the district court **GRANT** Plaintiffs' Motion for Default Judgment.  The court further **RECOMMENDS** that the district court **AWARD** Plaintiffs $84.92 in delinquent contributions, $16.98 in liquidated damages, $3.50 in interest, $3,095 in attorney's fees, and $518 in costs.  The court also **RECOMMENDS** issuing the following order to Brennan: Brennan is ordered to submit to an audit and produce to Plaintiffs contribution reports and payment records needed to calculate contributions from February 2009 to the present.

A procedural issue is whether the district should retain jurisdiction to permit Plaintiffs to later submit its estimate of the damages, attorney's fees, and costs to be assessed against Brennan for unpaid contributions due for the months for which no report has been submitted.  Courts sometimes do this, and the district court could allow the Plaintiffs to file a second submission detailing the damages sought from Brennan (apart from these amounts) for the months for which no report has been submitted.   The district court could then determine whether the requested relief is appropriate. *See Board of Trustees*, 2010 WL 145097 at *2, *6-*7 (applying this procedure); *Walters v. Silveria*, No. C 07-1053 EMC, 2007 WL 2751217, at *5-*7 (N.D. Cal. Sept. 4, 2007).

Any party may file objections to this Report and Recommendation with the district judge within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil L.R. 72-3.  Failure to file an objection may waive the right to review of the issue in the district court.

This disposes of ECF No. 16.

**IT IS SO RECOMMENDED.**

Dated: January 25, 2011

_____
LAUREL BEELER
United States Magistrate Judge